Good morning. My name is Dan McCarthy. I represent George Marciano, the involuntary debtor, and the appellant in this appeal. You have a number of matters before you. This appeal came up, as you know, on whether the order for relief should have been entered against Mr. Marciano. Other matters have occurred since. The briefs very well discuss the issue of the appeal, but the new matters are critical. One is we have a stay pending appeal, a request for a stay pending appeal before the court. We've issued a stay. The BAP issues conditions. We've asked for it to be modified. And one thing we'd like to know soon is confirmation that the stay is in effect, that the conditions that we've asked to be modified are modified as requested, so that we know that the case continues to be stayed pending the resolution of the appeal. And then finally, and this is a new item, would you brief me? Sotomayor Well, before you leave that, I'm going to finish and then I'll ask my question. That's fine. Breyer So I have a question about it, too, and that's why I'm asking. Chapnick And the other matter is that, as you know from the recent developments or you may not know from the briefs we just filed, the letter briefs, that there's been a recent decision. Sotomayor Yes, we read those. Chapnick Okay. Well, as I pointed out in my letter brief, the bankruptcy court denied our application for order-shortening time to have a motion for relief heard from the preliminary injunction that precludes Marciano from participating in the recently decided appeal. And he wanted to participate in terms of petitioning for rehearing and perhaps petitioning the California Supreme Court for review. Breyer But that's not in front of us, is it? In other words, you've asked the bankruptcy court to participate in new state court appeals and it has not yet ruled on that application. Chapnick That's why I need to correct something I said in my letter brief, which was wrong. As I said in my brief, just as I was about to file it, we got the order from the court denying our application for order-shortening time. I misread it because it went on to also deny our motion for relief without a hearing and briefing from the other side. Breyer But that order's not in front of us now. Chapnick That order's not in front of you, but the reason it's relevant is as follows. We asked the BAP to modify conditions or to set conditions to preserve the party's interest. That's what the Ninth Circuit asked it to do. One of the things we requested was that Marciano be permitted to participate in the FAS appeal. As to argument at that point, but now the same issue still exists as to pursuing further appellate rights with respect to the decision just rendered. So we've asked for conditions to be modified, and that's one condition that the BAP did not agree to that we would ask you to agree to in confirming the stay is in effect in preserving the party's interest pursuant to the July 19th order of the court. Let me ask you about the state case. The state appellate court has now affirmed the award as modified, correct? Correct. That's what your brief to us said. So to the extent that there was a dispute about whether the bankruptcy court or holding that there was no bona fide dispute, isn't that now decided that there was no bona fide dispute because the California court has now ruled that, in fact, here's the liability and here are the damages? That's a very important question, and that's what I want to address, because I think that the confusion that's arisen based on the letter briefs points you to that conclusion, but it's incorrect. And that's what the trustee and the petitioning creditors argue. Well, now we have a resolution, so that proves no bona fide dispute. In asking that question, Your Honor, you have to first ask are you going to buy the argument that there's an irrebuttable presumption that there cannot be a bona fide dispute? Well, do we have to even address that now that we know the answer to the question about this particular dispute?  I think you do. And there's two important questions. At what point in time is the bona fide dispute determined? That's the petition date. And then secondly, what amount do you focus on? Some amount determined later on or the amount alleged in the involuntary petition? Well, it seems to me you lose either way, because if it's at the date of the petition and there's a state court judgment that is not stayed, it seems like the majority of you says, well, that's what you're stuck with. But if you want to wait, now we know that there is not only a judgment, but an appellate blessing of that judgment up to the amount of $50 million. And so even if you look at the what, even if the date is later and we look to what happens afterwards, there's still a liability that's sufficient to establish the standing. I guess I don't understand how you could win in this circumstance. Well, I think you started out saying that there seems to be a conclusive presumption that applies if there's an unstayed judgment on appeal. For the reasons we pointed out in our brief, we respectfully disagree with that. That is the majority view, though, correct? Well, you know, AMC investors said that. It is a view that is out there in the case law. Correct. Okay. And we certainly disagree with the majority, especially given the subsequent opinions to AMC investors in the, especially in the Henry S. Miller case, which contained an excellent analysis of all the case laws. Recognizing there's case law on both sides. Right. Let's assume that we're free to adopt either set of case law. Let me ask you a question about that. Here's what troubles me about your position. How do we decide after there's a valid state court judgment, not state on appeal? We're not talking about a default situation here, even though that's what the court called it, because it's not an absence of personal jurisdiction. How do the federal courts, bankruptcy judges, Article III judges under court of appeals, how do we decide whether a state court judgment is subject to bona fide dispute? I mean, do we look behind the ruling and say it's not so good? Do we say everyone that's on appeal is not even, and that it seems to me does away with the purpose of the stay and the bond. So my difficulty with your position, as Judge Graber disappears. Below the bench, is I have no idea what the measuring stick is unless we go with the Drexler line of cases. Would you address that for me? I would. And I do want to get back to Judge Graber's questions, too. It floored her. On that particular question, the objective test, you know, that applies in virtually every circuit, says it's supposed to be a case-by-case inquiry. There is no defined way to try to analyze objectively on a factual and a legal basis whether there is a bona fide dispute. Now, keep in mind the test is not whether there is a probability of success for the creditors. It's whether there is a legitimate good-faith question as to the debt, both as to liability and amount. Justice Kagan, sorry. Let's say that the state court, there's a dispute about the applicability of a statute, and the state court finds that the statute is applicable, but it's clear, the clear language of the statute, it's not applicable, and there's an appeal. Now, that's an extreme case. Now, would you say that that would be the basis of a bona fide dispute? That it read the law wrong? Yeah, that the trial court had read the law wrong. Sure. And trial courts make that mistake all the time. It could be a legal ground or it could be a factual ground. And when you have a judgment, the point is going to be on appeal, is there a legitimate dispute, whether this judgment will stand both as a liability and amount. So in your view, though, it seems to me that every case would invite an appeal, even if the appeal was, you know, we don't think it should be $4,700,000. It should be $4,600,000, all of which is plenty to meet what the threshold in that particular case. There would always be a bona fide dispute, or at least the law as you would like it to be would encourage that. The test gets applied whether there's a judgment or not. Okay. Having a judgment doesn't make it less subject to bona fide dispute, but at most it creates a rebuttable presumption that can be addressed. But how do you rebut it? That's my question. I mean, Judge Akuta gives you an example on one end of the spectrum, but every example requires the Federal bankruptcy judge to determine how likely a State appellant is of gaining success in front of the State appellate courts. And that, I mean, I hate to invoke Federalism in a Federal courthouse, but doesn't that, doesn't that, doesn't that, I mean, I think I'd like you to address 1738 also, but doesn't that create a real problem? The problem is in the premise of your question, which is what's the likely outcome of the court of appeal. That's not the question. It's not probability of success. That's why you don't get into a difficult task. That's why it's not a hard thing for a Federal court to address. So what do you wait for? You wait for the appellate court to decide, because presumably if you've appealed, there's a bona fide dispute because you've disputed it and you're, as an officer of the court, you're acting in good faith, so we have to assume it's bona fide as you think about it. But now they have decided. So that's the other half of my question. We've waited. Time has passed. But just to finish, and I do want to answer that because you've asked me a few times now. To finish my answer to your question, Judge Horowitz, the issue is going to be is there a legitimate dispute, not a probability of success, but a good faith dispute as to whether legally, to use your example, or factually there's going to be a reversal. And here we had excessive damages that seemed factually to cry out for reversal, but we had issues on liability, too. And I think you've answered my question, but my concern is that while that makes some sense as you explain it, I'm trying to think of a bankruptcy judge at the time of an involuntary petition saying, okay, I better look at the whole record in the State court case to determine how good the appeal is. And that's my concern. I think you've answered it, but I want to make my concern clear. It's no different if there's no judgment. If there's no judgment, the judge has to do the same thing. What are all the facts and legalities as to whether there's a bona fide dispute or not on a claim? You're going to have to go through that either way. If anything, the fact that there's been a judgment in an appeal helps crystallize the issues and makes it easier for the bankruptcy judge, not harder. But there's a way that judges, like you do on appeal, look at whether appeal should be reversed, judgments should be reversed. Here it's an easier question. Is there a legitimate dispute? Ginsburg. But let's get back to Judge Graber's mootness question, because I'm interested in it as well. Okay. There's, I think, let's start out with the issue of a presumption. If we accept that the presumption can be rebuttable, then you ought to reverse the order for relief, and here's why. There are cross motions for summary judgment. If the court had applied the rebuttable presumption, Marciano should have won. He presented the only factual and legal analysis at that point on why the claims were in bona fide dispute. The petitioning creditors and the judge solely relied upon the irrebuttable presumption. So you're kind of doing both ends against the middle. You want the time to be at the beginning, but you want the dispute to be decided at the end, it sounds like. So now that there are, I guess, I don't understand how right now there is any bona fide dispute that remains. Well, I think the trustee and we both agree in our letter briefs that the issue of standing and the determination of bona fide dispute only gets determined as of the petition date. I have a little trouble with that. I mean, what if the court had said, well, there is a bona fide dispute, or the rebuttable presumption had occurred, and then on appeal, the appellate court had said, no, there is nothing owing by Mr. Marciano. This damages judgment was erroneous both as to liability and amount. By your theory, then, the bankruptcy court continues with the involuntary petition because they've already determined at that time that there was a no bona fide dispute. So even though the liability has now gone away, we're still in involuntary bankruptcy and we proceed. Well, what you would have in that context is what you would have in this context. In order by the bankruptcy court, making that determination incorrectly, which gets appealed. And then you wait for the state appellate process to catch up. But what you hope, like we're hoping we would convince you to do, is to say, no, as of the petition date, there was a bona fide dispute. Marciano showed that as to liability and amount in connection with the motion for summary judgment, and that was not rebutted. Now, wouldn't you return under that scenario, wouldn't you return to the bankruptcy court and ask that the involuntary petition be dismissed? In other words, if on appeal the California courts said, Mr. Marciano's right, he owes nothing, presumably you would go back to the bankruptcy judge and say, this petition should now be dismissed because these debts don't exist anymore, wouldn't you? That would be one avenue for relief. Yeah. You could go back and say, I guess, for example. So you're not stuck in the involuntary bankruptcy waiting for us at that point. You can go back to the judge and say, events have changed. That would be one avenue to try to get the relief. But to get to the point. But so now we know that there was a dispute, that there wasn't a dispute, and that we have it liquidated, I guess. So why do we now have to decide the question about whether it was erroneous to put Mr. Marciano into involuntary bankruptcy? We don't know that there was no bona fide dispute as of the petition date. Right. But we know now that there's a $50 million liability. The trustee asked the question, what should creditors do in this context? And the answer is twofold. When there's a bona fide dispute and it matters on appeal, don't file an involuntary. Or if you're going to file the involuntary, consent to it being stayed until the appeal can be resolved. Well, let's assume that had been followed. That's, I think, Judge Akuta's question. Assume that they had waited for this moment to arrive, which sounds like song lyrics, but you'd be exactly where you are now because there is now this judgment that has been affirmed in part on appeal. Right. And we go back to asking the question, as of what date should there have been a bona fide dispute? As we pointed out in our letter brief, you can't take the determination now and say that conferred standing on the petitioning creditors. But, see, what you've just said is that what they should have done is wait until now. And I'm saying, well, if that's your relief that you're suggesting, that's where we are. Your Honor, I'm sorry if it came out that way. What I think I said was my opinion is that the bankruptcy should not have been filed in the first place and it should have been dismissed based on the summary judgment. But if you're not going to do that, which is the proper remedy, and that's why we're on appeal here because we think it should have been dismissed, then at a minimum you should stay it to see what the outcome is. Let me ask you a question about your position then. Under your position, these three creditors with unstayed state court judgments would have been free to try to execute on the assets of Mr. Marciano, correct? Right. As would other creditors. I mean, I take it the IRS has a lien and there's other creditors out there chasing Mr. Marciano. There are other judgment creditors. Other judgment creditors. So isn't this precisely the kind of case where we ought to have an involuntary bankruptcy so the, I don't know, the race doesn't go to the quick, but rather a bankruptcy judge apportions the assets of the estate, at least in that period? Because it seems to me what happens under your scenario is everybody chases the assets and whoever gets to them first gets the assets. Well, I would like to reserve a little bit of time. Sure. But to answer your question, it presupposes a few things. First of all, the creditors should be chasing assets when they have a judgment on appeal that there are legitimate grounds to. Well, but it's unstayed. They're perfectly free to. They're free to. But is that wise? Probably not. But let's say that they chase it. What you're suggesting, Judge Hurwitz, is the competing policies between the bankruptcy in general that the trustee invokes in his letter brief, i.e., aggregating assets and equality of distribution to all creditors on the one hand, and the policies behind Section 303 on filing involuntary petitions, which are to avoid stigma and expense to debtors. It's a debtor-oriented analysis, and also to prevent creditors from gaining leverage that they wouldn't have in state court collection remedies, which plainly are greater in bankruptcy, and also to prevent coercion. Those are competing policies, and the way the bankruptcy code balances them is through the statutory wording of 303 on liability and amount, there being no bona fide dispute, and not grafting onto it any judicial interpretation like Drexler and some other cases have done. So in that balancing, you can't say, well, we have all these competing creditors, and so, therefore, we should allow the bankruptcy to stand when you have the competing policies behind 303 saying it should have been dismissed in the first place. And if I could reserve my time. You certainly may. Thank you very much.  Your Honor, I have a well-laid-out presentation for the Court, but obviously the Court has the benefit of our letter briefs, which I think do most of the heavy lifting in terms of the oral arguments.       which I think do most of the heavy lifting in terms of the oral arguments. What I will do is just focus, at least initially, on some of the issues that have obviously come up in the context of Mr. McCarthy's presentation. The first issue, which I think is absolutely right, is in a sense Mr. Marciano's argument purports to have his cake and eat it. His argument is that either the bankruptcy court should have waited for this final moment to arrive, or the petitioning creditors, who, of course, had unstayed judgments, who meantime could have been dismantling Mr. Marciano's assets, invoking the state law remedies, they should have waited until today to file the involuntary petition. But what is absolutely clear as of today is that the petitioning creditors have $50 million of essentially unassailable judgments. Let me ask you this. If we said, oh, the bankruptcy court was wrong, and the app was wrong in granting the summary judgment motion, and so it was wrong to put Mr. Marciano into involuntary bankruptcy at that time, could the petitioning creditors now turn around and put him back into involuntary bankruptcy based on this appellate judgment? Yes, Your Honor. Quite clearly they could. If this case were dismissed tomorrow, the petitioning creditors would simply put Mr. Marciano back into bankruptcy. At this point, their judgments, as modified, have been affirmed by the court of appeals. There is a possible appeal to the California Supreme Court. But I note with interest that in describing that potentiality, Mr. Marciano in his letter brief doesn't refer to it as a bona fide dispute. He clearly concedes it's a dispute that doesn't even qualify within the purview of the statute. What would be the effect of the scenario Judge Akuda lays out? Would there be a claim for what would happen to everything that happened up until now in the involuntary bankruptcy? If the case were dismissed, Your Honor? Well, yeah, if we were to say, well, it shouldn't have been filed then, but it could be filed now. It hasn't been filed now yet. So what would? Can we unring the bell here? Aside from chaos and a complete waste of judicial resources to date, I would suggest a number of things. Number one, the ability of the petitioning creditors to avoid the preferential liens in favor of the other judgment creditors, which, as the bankruptcy court held and as the BAP affirmed, was really the motivating purpose, the only purpose for filing this bankruptcy. That ability would be lost. Because it deals with the filing of the date of the filing of the involuntary. There's a 90-day preference period. Mr. Brooks' clients filed on day 88 to preserve the ability to avoid the judgment liens that were created by the service of the ORAP in state court. That ability would be lost. So if the case were dismissed today, the whole purpose of filing the case, which was to assure equality of treatment, would go out the window. Can I go back to a question Judge Akuda asked Mr. McCarthy? And it was this. How far are you willing to extend your argument that a state court, unstated state court judgment always establishes the absence of a bona fide dispute? What if the state court record indicated that the judgment was entered because the defendant had gray hair? Would that still be? I am not sure that I would concede that, Your Honor. But fortunately, that is not the issue. No, I understand. That's why it's a hypothetical. We know the default. Even in the courts that adopt a per se rule, they say a default judgment is not. So we know that some state judgments do not get the benefit of this per se rule, correct? And that is precisely if one looks at the majority rule and one looks at the minority, where cases where the minority rule has actually questioned standing, which is in Ray Graber, coincidentally, there is only really one case that follows in resonance. Me. And I presume it was not one of your relatives. The cases, in essence, and there's been a lot of ink spilled on this, but the minority and the majority views present a false dichotomy. In reality, number one, the statement in Byrd is pure dicta. In fact, in Byrd. Well, I didn't see that. I went and read Byrd again, and I didn't see why it was dicta. I mean, that was necessary to its decision. It overruled the district court, and it overruled the bankruptcy court, each of which had had a different rule and came out with this rule. I believe it affirmed the bankruptcy court. The bankruptcy court had found standing based on the per se rule. But it overruled its rule. It said, no, we reject that rule. It overruled the rule, but it also found what it also found, which is very important to this issue, is the mere pendency of an appeal is not enough to create a bona fide dispute. Whatever bona fide dispute may mean, the mere pendency of an appeal is not enough, as the panel noted in questioning Mr. McCarthy. Any appeal, that would bring within the purview of the Byrd rule, any appeal, basically. But if I may just add to that. Sure. In other words, don't you have to take the position? I mean, I must admit I kind of think it's an attractive position, but don't you have to take the position that it really doesn't matter, absent the absence of personal jurisdiction for which Federal courts are not required to give deference to State court judgments, in the absence of that default situation where there's no personal jurisdiction, doesn't your argument have to be, it doesn't matter. It might be the crappiest State court judgment in the world, but until it's overturned or stayed. So why isn't it a default judgment? The reason a default judgment. That's a judgment of the State court. A reason. 1738 applies, which I don't understand why it would. I agree, Your Honor. The reason a default judgment is potentially different, and this is identified both in the majority view and very clearly in In re Graeba, following the minority view. The reason a default judgment may be different is because it may, unlike a regular judgment in State court where, as here, Mr. Marciano admitted the judgments were enforceable. Mr. McCarthy has admitted all of the judgment creditors could go out and enforce their judgments. A default judgment, in particular a non-appearance default judgment, runs the risk as to a fundamental issue, and that is that if more time were to play out in the State court system, it could be determined by the State court that the judgment is actually being enforced. Isn't there a different answer to the question? I think since Pennoyer v. Neff, it's been clear that default judgments entered without personal jurisdiction are not entitled to full faith and credit and may be collaterally attacked. There is no collateral. So the case law in the Federal courts for, I don't know, 150 years or so, has said that you may attack default judgments collaterally in Federal court for an absence of, but only for an absence of personal jurisdiction. So that one could come into a bankruptcy proceeding, presumably, and say there was no personal jurisdiction in these cases, you're not required to give them full faith and credit. That's the one exception, I think, to the full faith and credit clause. Was personal jurisdiction, I don't remember seeing that in the cases, making an exception for default judgments. The defaults did arise in different ways, Your Honor. If you look at the cases, both under the minority and the majority view, there were cases. There are cases that deal with service. There are cases that deal with service where the individual said, I have nothing to do with this entity. I can't be responsible for it. That was In re Graber. And if you look at In re Miller, which follows In re Bird, but found that there was genuine issues on appeal, but found that that was insufficient to carry the alleged debtor's burden. In that case, again in dicta, the court talks about obvious errors, errors on the face of the judgment, errors that are so glaring that any reasonable person would conclude that there was a problem with the judgment. There is one issue that I do want to point out to the court, because there is a misstatement in the appellant's letter brief. And I want to make this quite clear, because it goes to the argument about summary judgment. Under the Bird rule, the rule that's being invoked by the appellant, once the positioning creditors show that they have enforceable unstate state court judgments, the burden of proof shifts to the appellee. And Mr. Marciano misstates the law in his letter brief, but more importantly, in his letter brief, as he's done all along, he reiterates what he demonstrates to Judge Kaufman at the trial in first instance. And frankly, all he showed was that there are triable issues, there are appealable issues. But the bankruptcy judge didn't make any findings based on that. The bankruptcy judge thought that the Drexler rule applied. Correct. Okay. Correct. So that we don't have either the BAP or the bankruptcy judge addressing those issues of whether or not there is a, there could be a bona fide dispute. They say because there were state court judgments, there cannot be. Correct. We do not have that. And just as a matter of policy, obviously the language bona fide dispute or bona fide dispute in the first place, it's very clear from the legislative history that Senator Barkas, who was introduced both the 2005 legislation and the 1984 legislation that inserted the language bona fide dispute in the first place, it's very clear from the legislative history that he did not intend to change the law in 2005. His amendment was designed merely to clarify existing law. And what is quite clear is that, is the policy behind that language, because the language is clearly ambiguous. This court in Reyseco, Judge Kaczynski has noted the unfortunate propensity of the legislature to use Latin when plain English would do. The clear policy behind the statute is to prevent coercion. It is to prevent a petitioning creditor from improperly, abusively putting a debtor into bankruptcy. In this case, not only do we not have any coercion because the judgment creditors, the petitioning creditors could enforce under state law and other judgment creditors had already started enforcing, but we have a case here that furthers, uniquely furthers, one of the twin purposes of bankruptcy, which is equality of treatment. Under California law, if the creditors had begun enforcing because it was unstayed, he couldn't post a bond, and it had been overturned on appeal, isn't there provisions for unwinding that to getting restitution from the creditors? I believe that is the case. So it's not as if that, because it was unstayed and they're enforcing, but that would be the end of the story if it turned out that the state court was wrong, had been wrong. No. I assume the state court was not without remedies if the judgment creditors had successfully levied on $260 million of assets, which of course they didn't because the record, particularly on the motion for stay, is replete with the fact that Mr. Marciano has chosen to remove all of his assets out of the jurisdiction of California. So the fact of state court enforceability doesn't seem to change. That was one of the arguments that was made as to why there should be a per se rule that there's no bona fide dispute. That just didn't seem to ring true. There's no bona fide dispute because it's enforceable. The state trial project is enforceable. But it can be unwound in the process. Correct. The majority have clearly concluded in a way that is not only consistent with the language of the statute but consistent with its purpose that, frankly, if the petitioning creditors had knocked on Mr. Marciano's door on October 27, 2009, which was the petitioning date, and said, Mr. Marciano, pay us, I believe the amount was $92 million, Mr. Marciano would have had no defense. And the important thing is, while we don't have the benefit of a definition of bona fide dispute, which has obviously spawned a lot of uncertainty, we do have a definition of claim in Section 1015 of the Bankruptcy Code. And claim is a right to payment. And, frankly, an enforceable unstayed judgment is the paradigm right to payment. Frankly, a final non-appealable unstayed enforceable judgment is no more of a right to payment than a judgment, a final judgment rendered by a court of first instance. Right. But we have to interpret the language or the subject of a bona fide dispute as to liability or amount. We do. And what we, in particular, we have to determine, we have to focus on the word bona fide, which this court, In Re Seco, has said is cloudy at best as to its meaning. Very quickly, because I only have 23 seconds left, we, in our letter brief, we did address In Re Focus Media, which is an authority of this court. It was cited by the appellant in their opening paper, so this is not a new case. In Re Focus Media clearly held, albeit under the pre-2005 amendments, but as I've already said, those amendments were designed to clarify, not modify existing law, this court has already held that provided there is no bona fide dispute as to liability or amount up to the statutory threshold, which I believe at the time this case was filed was just under $14,000, that any dispute over and above that amount is irrelevant for the purposes of filing an involuntary. And I would suggest if the court is inclined to take account of the fact that there are now $50 million of virtually or basically unassailable judgments, that the petitioning credit has clearly exceeded that limit, I believe by a factor of 2,200. Thank you. Thank you, Mr. Richards. We'll hear from Mr. Brook. Thank you, Your Honor. I wanted to address the ---- Would you introduce yourself, please, for the record? Oh, I'm sorry. Bradley Brook, law officer of Bradley Brook APC for the petitioning creditors. I wanted to address Judge Hurwitz's question because I think that we took the position that it always should be per se on a State court judgment that is enforceable and unstayed because, as he has correctly pointed out, either if there's an issue of personal jurisdiction, which makes the judgment void, or potentially a subject matter jurisdiction where you had a ruling made in a divorce court that was improperly enforced, and I'm not suggesting either of those exist here, those would be the appropriate times for a court, a bankruptcy court, to potentially review the judgments themselves to find ---- How does it review them, though? Because obviously the issue of personal jurisdiction is limited into whether the service was taken correctly or incorrectly. It doesn't have to look at the underlying facts. It simply has to look at whether service was effectuated. Arguably, you would have a ---- We have a service issue here. We don't have a service issue here. Right? No. We have a service issue on the ---- Right. Separate issue. Does that involve the consideration of facts? I'm sort of puzzled by your suggestion of that. Well, I guess the answer is this one deals with the factual underlies for the judgment itself, the factual disputes that were resolved through the judgment, as compared to facts that relate to simply the service of a complaint, which is completely separate from whatever the underlying dispute was. The other thing that I wanted to point out on that issue, there's two other things I wanted to point out. The remedy, if we found that there was a mistake, whether it be a mistake of law or anything else that we wanted to question, provision 305 of the Bankruptcy Code provides that the bankruptcy court may dismiss or abstain from having a case go forward for a whole variety of flexible reasons, including, and by the way, they can dismiss So the procedure, if you wanted to go into that analysis, would be to do it under 305. 303i, sanctions are still available, so the debtor is fully protected in that way. But what you get away from on this expedited process under the Bankruptcy Rule 1013 is the absolute need, as you have pointed out, for a substantive review of what happened on the underlying case without the benefit of either observing the witnesses, examining the evidence, or even having the necessity of a public case. You'd have a whole trial within a trial. Without any purpose when there's that judgment. I know you're hurrying here, but can I ask you about the status of this? I was going to try to, we tried to ask before and I didn't get to it. What's the status of the stay application? I understand that we have in front of us an objection to the BAP's conditions for the stay. Right.  There is no stay in effect at the moment, is there? My, that's correct. Under Ninth Circuit law, I don't have the case right in front of me. There is no stay in effect. Now, they're contending there's a stay in effect, but the only way that they can review it on a jurisdictional basis is by appeal or by writ of mandate. I believe that's a Vortex. It begins with a Velcro. It's in my brief. But it's a V case. And that case says that you can only. There's not that many V cases. Lucky it's not an S. It's in my opposition. And the point of it is, is those are the only two ways that a review of when this Court's rule happens. So what is in front of us now? What's in front of us on the motion is whether or not the BAP error is setting the conditions for the stay? Yes. Whether you even have jurisdiction. First, you have to answer whether you have jurisdiction to make that review, which I do not, because it's been brought up on a motion to remove impossible conditions, which is not the proper procedure for coming before this Court. But if you determine that you do have jurisdiction to consider it, then you would have to go ahead and make the examinations of the arguments that are made by the trustee and ourselves on the one hand and counsel on the other. Thank you. I also wanted to answer one other question that I don't necessarily agree fully with the trustee on, or a concern I want to raise to you. And that is, if you dismiss the case, there may be a significant problem here. Mr. Marciano fled to Canada, and he's been living in Canada now. The difficulty now is if you dismiss the case, while we will absolutely meet the criteria for 3 of 303b and 303h, the concern is whether we would have jurisdiction, the Court now would have jurisdiction over Mr. Marciano, which would, you know, obviously undermine the entire purpose if one person can manipulate the system to go ahead and say, okay, now three years later, since you filed a bankruptcy, we are now going to go ahead and let you escape that because you can't reinstitute the involuntary. That to me would be a tragedy under the current circumstances, given the judgment was sustained. Thank you. Thank you. You know, I respectfully submit that you're going to need some more briefs on the issue of the effect of the recent decision by the California Court of Appeal. You've heard a lot of thinking out loud here on what the practical effects of that decision are and somewhat on what the legal effects are. Parties raised arguments in their letter briefs that haven't been responded to. Let me talk about one that Mr. Richards mentioned. He talked about the focus median case, and he basically said that case stood for the proposition that as long as the amount that's not in bona fide dispute exceeded the small statutory limit, it doesn't matter that the rest is in bona fide dispute. He acknowledged that that was a 2004 decision before the 2005 amendments. The 2005 amendments, however, do mean something, as the Henry Miller case says. And that court talks about it, expanding the scope of the meaning of bona fide dispute. And the statutory language is important. That's what we start with, bona fide dispute as to liability or amount, as of what date, the petition date, regarding what amount, the amounts alleged in the petition. We have proof now that the amounts alleged in the petition were in bona fide dispute as of the petition date. The conclusion that Judge Kaufman should have dismissed the case as a result should follow from that. Now, Mr. Richards points out a Collier citation in his letter brief and cites a decision from the Bankruptcy Court of the Northern District of Illinois in 2006. Let me just mention that there's a 2009 BAP decision from this circuit, unreported, and also a decision from the Bankruptcy Court in the District of Oregon, 2009. I'll be happy to leave the citation. You may do that. Leave the citations with the deputy clerk, and they will be served on opposing counsel and brought to us. And my point in mentioning those is those two cases looked at Focus Media and said the law has changed. Focus Media has been superseded. The 2006 case cited by Mr. Richards ignores that. Furthermore, the Collier citation at the very end of his letter brief is completely taken out of context. If you go read that portion of Collier's, it actually says the case he cited is the exception to what most courts hold, which is if there's a bona fide dispute as to amount, it's not as to amount over the threshold level. If Congress meant to say that, they would have said it, and they didn't. Counsel, you've exceeded your time, but we appreciate very much the arguments of all counsel in this very challenging and interesting case. It is submitted.
judges: Graber, Ikuta, Hurwitz